**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BAO SHILU,<br><br>                                    Petitioner,<br><br>v.<br><br>WARDEN, Otay Mesa Detention Center, et al.,<br><br>                                    Respondents. | Case No.:  3:26-cv-01275-RBM-BJW<br><br>**ORDER:**<br><br>**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241;**<br><br>**(2) DENYING MOTION FOR INTERPRETER AS MOOT** |

Pending before the Court are Petitioner Bao Shilu's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (Doc. 1) and Motion for Appointment of Interpreter (Doc. 6).  For the reasons set forth below, the Petition is **GRANTED** and the Motion for Appointment of Interpreter is **DENIED AS MOOT**.

**I.      BACKGROUND**

**A.      Factual Background**

Petitioner, a citizen of China, entered the United States to seek asylum on December 27, 2023.  (Doc. 7 ¶ 1.)  Petitioner was apprehended that same day, briefly detained, and released pursuant to an Order of Release on Own Recognizance.  (*Id*.; *see id*. at 32.)  The Order of Release on Own Recognizance required that Petitioner comply with certain conditions.  (*See id*. at 32.)  Shortly thereafter, Petitioner was issued a Notice to Appear

1

("NTA") charging him as a noncitizen present in the United States without being admitted or paroled under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). (*Id*. at 31.)  The NTA also commenced removal proceedings against him.

On February 26, 2024, Petitioner submitted an application for asylum to the immigration court which remains pending.  (Doc. 7 at 15.)

On December 21, 2025, Petitioner was re-detained while working as a rideshare driver and taken into the United States Immigration and Customs Enforcement's ("ICE") custody.  (*Id*. ¶ 30; *see id*. at 51.)  Petitioner has been detained at the Otay Mesa Detention Center ever since.  (*Id*. ¶ 30.)  "ICE denied Petitioner's request for release, and he requested a bond redetermination hearing before an immigration judge."  (*Id*. ¶ 32.)  On January 16, 2026, the immigration judge held he lacked jurisdiction over the bond hearing.  (*Id*. ¶ 33.)

**B.    Procedural Background**

On February 23, 2026, Petitioner commenced this action by filing the Petition.  (Doc. 1.)  Respondents filed a Response to the Petition on March 11, 2026.  (Doc. 5.)  On March 20, 2026, Petitioner filed a Motion for Appointment of Interpreter.  (Doc. 6.)  Petitioner also submitted a filing containing a Memorandum of Law in Support of the Petition (Doc. 7 at 14), Petitioner's Reply in Support of the Petition (*id*. at 16), and several exhibits (*id*. at 21–74) , which the Court construes as Petitioner's optional Reply.

## II.    <u>LEGAL STANDARD</u>

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

### III.    <u>DISCUSSION</u>

Petitioner claims he is being detained in violation of the Fifth Amendment's Due Process Clause because his detention has become unreasonably prolonged, and he has not received a constitutionally adequate bond hearing.  (*See* Doc. 1 ¶¶ 16–23.)  Respondents maintain that "Petitioner is subject to mandatory detention under § 1225(b), because Petitioner was present in the United States without being admitted or paroled." (Doc. 5 at 2.)  In support, Respondents attempt to incorporate by reference arguments regarding the government's authority for mandatory detention under § 1225(b) made in similar cases. (*See id*. at 3–4 & n.3.)[1]  Respondents do not address Petitioner's due process claims.[2]

This Court has granted several habeas petitions filed by similarly situated petitioners who were initially released under an Order of Release on Own Recognizance and re-detained several years later.  In *Faizyan v. Casey*, the Court held that such petitioners are "subject to the discretionary detention procedures under 8 U.S.C. § 1226 and [their] detention without a bond hearing violates the Due Process Clause."  Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *2 (S.D. Cal. Nov. 17, 2025); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115–16 (9th Cir. 2007) (finding a noncitizen released on an "Order of Release on Recognizance" pursuant to INA § 236 "was

---

[1] "Generally, courts do not allow incorporation by reference of arguments or 'substantive materials' not contained within the relevant motions' briefs."  *Flores v. Bennett*, 635 F. Supp. 3d 1020, 1029 (E.D. Cal. 2022), *aff'd*, No. 22-16762, 2023 WL 4946605 (9th Cir. Aug. 3, 2023) (collecting cases); *see Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 947 (N.D. Cal. 2014) (declining to consider arguments plaintiff "improperly [sought] to incorporate by reference").

[2] Respondents "request[ ] an opportunity to submit [a more formal response] within a reasonable timeframe" (Doc. 5 at 2 n.2), but notably failed to properly request an extension of time.  *See also Sosa Inzuna v. Warden of Adelanto Det. Facility*, — F. Supp. 3d —, 2026 WL 233211, at *3 n.2 (C.D. Cal. 2026) (noting "the current volume of habeas petitions . . . being filed can be attributed to Respondents' deliberate choice to continue defying the final judgment entered in *Bautista*").

conditionally paroled under the authority of § 1226(a)").  Applying the due process inquiry in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court found that Respondents' summary revocation of the petitioner's "conditional parole without an opportunity to be heard deprived [him] of his due process rights."  *Faizyan*, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025); *accord C.A.R.V. v. Wofford*, Case No. 1:25- CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding due process violation where the petitioner was initially released on his own recognizance); *Leiva Flores v. Albarran*, Case No. 25- cv-09302-AMO, 2025 WL 3228306, at *5 (N.D. Cal. Nov. 19, 2025) (finding the same and requiring a hearing before detention).

Like in *Faizyan*, Petitioner was released from his initial detention on his own recognizance, issued on a Form I-220A, and lived in the United States for about two years before being re-detained.  (*See* Doc. 7 at 32.)  "As ICE was not authorized to release [Petitioner] if [he] was a danger to the community or a flight risk, the Court must infer from [the] release that ICE determined [he] was neither."  *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).  Nothing on the record before the Court indicates any change in circumstances or individualized justification for Petitioner's re-detention.  *See* 8 C.F.R. § 1236.1(c)(8).  Respondents do not dispute that Petitioner was not provided with an individualized determination or an opportunity to be heard before being re-detained. Instead, Respondents acknowledge that "Petitioner was denied bond at a bond hearing because the Immigration Judge determined that the court lacked jurisdiction pursuant to *Matter of Q. Li*, I&N Dec. 66 (BIA 2025), and *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 228 (BIA 2025)."  (Doc. 5 at 2 n.1.)

The Court therefore adopts its reasoning in *Faizyan* and applies it here.  For those same reasons, the Court finds that: (1) Petitioner is subject to § 1226's discretionary framework; and (2) ICE's revocation of Petitioner's release on his own recognizance without a pre-deprivation hearing violates his due process rights and renders his detention

4

unlawful.  Accordingly, the Petition is **GRANTED**.[3]

## IV.   CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**.  Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting Order of Release on Own Recognizance.

2. The Court **ORDERS** that, prior to any re-detention, Petitioner **SHALL** receive notice of the reasons for revocation of his release and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

3. The Motion for Appointment of Interpreter (Doc. 6) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATE:  April 3, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[3]  In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.